```
                                              USDC SDNY
                                              DOCUMENT
                                              ELECTRONICALLY FILED
                                              DOC #:_____
                                              DATE FILED: 1/5/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES SECURITIES AND          :
EXCHANGE COMMISSION,                  :
          Plaintiff,            :     **ORDER**
                                :
v.                                    :     18 CV 11668 (VB)
                                :
VANIA MAY BELL,                       :     Copies Mailed/Faxed 1/5/2023
          Defendant.            :     Chambers of Vincent L. Briccetti
--------------------------------------------------------------x

      On August 13, 2019, the Court granted pro se defendant Vania May Bell's motion to stay this action pending resolution of a related criminal case against her, United States v. Bell, No. 19-cr-550-NSR (S.D.N.Y.). (Doc. #52).

      On October 25, 2022, Bell informed the Court of her sentencing on October 11, 2022. (Doc. #79).

      On November 7, 2020, the Court granted plaintiff's request to continue the stay for another sixty days to allow for settlement discussions, and directed the parties to advise the Court by January 5, 2023, of the status of their settlement discussions, including their positions on whether the stay should be continued or vacated. (Doc. #81).

      By letter dated January 4, 2023, plaintiff's counsel has informed the Court that: (i) the parties were unable to reach settlement; (ii) plaintiff's position is that the stay can be vacated; and (iii) by March 10, 2023, plaintiff intends to file a motion for summary judgment against Bell based on collateral estoppel arising from her guilty plea in the related criminal case. (Doc. #82).

      Counsel's letter does not set forth Bell's position on whether the stay should be vacated. However, in light of the parties' failure to reach settlement and Bell's sentencing, the Court concludes that a stay is no longer warranted.

1

Accordingly, the stay in this matter is VACATED. The Clerk is instructed to restore this case to active status on the docket.

Plaintiff's counsel is reminded that, pursuant to Paragraph 2(B)(ii) of the Court's Individual Practices, a pre-motion conference is required before making a motion for summary judgment. To request a pre-motion conference, the moving party shall file a letter-motion for a conference, not to exceed 3 pages, setting forth the basis for the anticipated motion.

Chambers will mail a copy of this Order to defendant at the address listed on the docket.

Dated: January 5, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge